## MATTER OF HARRIS, BANKRUPT.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 165. Argued April 28, 1911.—Decided May 15, 1911.

The right under the Fifth Amendment not to be compelled to be a witness against oneself is not a right to appropriate property that may tell one's story.

A bankrupt is not deprived of his constitutional right not to testify against himself by an order requiring him to surrender his books to the duly authorized receiver. *Counselman* v. *Hitchcock*, 142 U. S. 547, distinguished.

Under § 2 of the act of 1898, where the bankruptcy court can enforce title against the bankrupt in favor of the trustee, it can enforce possession *ad interim* in favor of the receiver; and so *held* as to books of the bankrupt.

THE facts are stated in the opinion.

*Mr. Louis J. Vorhaus,* with whom *Mr. Moses H. Gross-man* was on the brief, for the bankrupt:

Inasmuch as the books of account contain evidence which would incriminate the bankrupt, their delivery cannot be compelled, for to require such delivery would violate the bankrupt's constitutional privilege against incriminating himself. Fifth Amendment to the Constitution.

The compulsory production of a man's private books and papers to be used in evidence against him is compelling him to be a witness against himself within the meaning of that Amendment. *Boyd* v. *United States,* 116 U. S. 616; *Matter of Kanter,* 9 Am. Bank. Rep. 104; *Re Hess,* 14 Am. Bank. Rep. 559; Wigmore on Evidence, § 2264.

The bankrupt had been threatened with criminal prosecution for having obtained merchandise on credit by means of a false written statement, and it appears that the falsity of the statement referred to would be established by entries in his books of account. Even if no criminal prosecution is pending against him, that fact is no answer to his right to claim this constitutional privilege. *Counselman* v. *Hitchcock,* 142 U. S. 547; *Re Hess,* 14 Am. Bank. Rep. 559.

The Bankruptcy Act of July 1, 1898, does not supplant the constitutional privilege.

There is no provision in the act giving the bankrupt immunity from the use of his books of account against him in case he delivers them to his receiver or trustee. The only provision for immunity to the bankrupt is § 7a, subd. 9, which does not meet this situation. But even if it does, it is inadequate, and cannot supplant the privilege.

Under the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates. *Counselman* v. *Hitchcock, supra; Re Feldstein,*

4 Am. Bank. Rep. 321; *Matter of Kanter*, 9 Am. Bank. Rep. 104, and cases cited; *In re Hess, supra; Taylor* v. *Forbes,* 143 N. Y. 219.

The books of account contain entries which tend to incriminate. It appears that the bankrupt's claim of privilege is well founded and is made in good faith. 1 Burr's Trial, 244, cited in *Counselman* v. *Hitchcock, supra; Taylor* v. *Forbes,* 143 N. Y. 231; *Matter of Kanter,* 9 Am. Bank. Rep. 104.

The order herein compels the bankrupt to incriminate himself, in violation of his constitutional privilege. *Counselman* v. *Hitchcock,* 142 U. S. 547.

Although the order prohibits the use of the books themselves in any criminal case against the bankrupt, it permits the receiver to inspect them and take extracts therefrom. The production of such secondary evidence ought to be compelled by subpœna. Such evidence, in whatever manner obtained, might be competent and admissible as against the bankrupt. *Adams* v. *New York,* 192 U. S. 585; *Kerrch* v. *United States,* 171 Fed. Rep. 366; *Zotti* v. *Flynn,* 135 App. Div. 276, 284.

If these consequences may follow as a result of this order, the bankrupt is thereby deprived of his constitutional privilege.

The provision of the order forbidding the use of the books in any criminal proceeding against the bankrupt does not afford him absolute immunity against future prosecution for any offense to which said books relate.

The endeavor to aid the receiver in the administration of the bankrupt's estate furnishes no justification for the slightest encroachment upon the bankrupt's privilege. *Boyd* v. *United States,* 116 U. S. 616.

*Mr. Abram I. Elkus,* with whom *Mr. Carlisle J. Gleason* was on the brief, for the receiver:

The bankrupt's contention involves an impairment

both of efficiency in the administration of the Bankruptcy Act and of the court's power to take possession of the bankrupt estate. *In re Harris*, 164 Fed. Rep. 292, 293.

The more of fraud there has been on the part of the bankrupt the more strongly entrenched he will be against being obliged to turn over his books, and the more impossible will it become for the court to effect an equitable distribution of his assets among his creditors. If the court cannot take the property of the estate it is administering into its control it loses to that extent its jurisdiction and power over that estate.

The Fifth Amendment does not prevent a court from compelling a bankrupt to yield his books for purposes of civil administration of his estate. See *Brown* v. *Walker*, 161 U. S. 591, 596, as to exceptions of the application of the principle, viz.: Where the privilege is waived; where the accused person takes the stand in his own behalf; where the prosecution is barred by the statute of limitations; where the witness has been pardoned; where the answer of the witness will only tend to degrade or disgrace him; and where the danger is not real and appreciable but rather imaginary and unsubstantial. *Counselman* v. *Hitchcock*, 142 U. S. 547, is readily distinguishable by reason of the difference in the nature of the proceeding, and the different object sought thereby. The English law furnishes a limitation of the principle of the Amendment which is a potent consideration here. *Brown* v. *Walker, supra*, p. 600; and see *Matter of John Heath*, Court of Review, in Bankruptcy, 1833, 2 Deac. & Chitty, 214.

Under the English rule, particularly as laid down in *Ex parte Joves*, Buck, 337, the English rule has been applied in various courts of the United States. *Re Bromley*, 3 Nat. Bank. Reg. Rep. 686; *Re Sapiro*, 92 Fed. Rep. 340; *Re Hart Bros.*, 136 Fed. Rep., 986; *In re Hess*, 136 Fed. Rep. 988.

The result reached in these cases is that the books must

be produced and if the plea of privilege appears to be well founded in fact the court will enable the receiver to obtain the necessary information from the books and at the same time make an order for the protection of the bankrupt from the discovery of incriminating evidence.

A trustee of a bankrupt estate under § 70 of the Bankrupt Act is vested by operation of law as of the date of the adjudication with the title of the bankrupt to all documents relating to his property. *Babbitt* v. *Dutcher*, 216 U. S. 102.

Title does not vest in a receiver in bankruptcy but a receiver has a right to possession, the property being within the control of the court. Remington on Bankruptcy, §§ 1121, 1128.

The bankrupt's contention that the court cannot take his books because they contain incriminating entries is a direct attack upon the jurisdiction of the court. It impairs that jurisdiction and leaves the court without power through its receiver to take possession of the complete property of his estate.

MR. JUSTICE HOLMES delivered the opinion of the court.

In this case the District Court made an order that the bankrupt should deposit his books of account in the office of the receiver, there to remain in the custody of bankrupt; the latter to afford the receiver free opportunity to inspect the same, but the receiver to use and to permit them to be used only for the purpose of the civil administration of the estate and not for any criminal proceeding. It was ordered further that in case of subpœna or other process to the receiver for their production, he should notify the bankrupt, to the end that the bankrupt might have an opportunity to raise the question of his constitutional privilege. The bankrupt petitioned the Circuit Court of Appeals to revise the order. It appears that he made to a commer-

cial agency a written statement of his assets and liabilities January 4, 1908, but he declined to testify concerning it, as it might tend to criminate him, several creditors having threatened him with prosecution for having obtained merchandise from them by that means. He also made oath that the books contained evidence that might tend to incriminate him; which was confirmed by an affidavit of his attorney. The receiver desired the books in order to ascertain what disposition was made of the assets alleged in the statement to the agency. On the other side the bankrupt was willing to allow an inspection if he could save his right that the books should not be used against him in a criminal trial; but he excepted to the order on the ground that no statute protected him from the knowledge gained from the books being used to find and get evidence that might be used against him in a criminal prosecution. He relied upon the Fifth Amendment and *Counselman* v. *Hitchcock*, 142 U. S. 547. The Circuit Court of Appeals certifies the question whether the order was a proper exercise of the authority of the Bankruptcy Court.

If the order to the bankrupt, standing alone, infringed his constitutional rights, it might be true that the provisions intended to save them would be inadequate and that nothing short of statutory immunity would suffice. But no constitutional rights are touched. The question is not of testimony but of surrender—not of compelling the bankrupt to be a witness against himself in a criminal case, present or future, but of compelling him to yield possession of property that he no longer is entitled to keep. If a trustee had been appointed, the title to the books would have vested in him by the express terms of § 70, and the bankrupt could not have withheld possession of what he no longer owned, on the ground that otherwise he might be punished. That is one of the misfortunes of bankruptcy if it follows crime. The right not to be compelled to be a witness against oneself is not a right to appropriate prop-

erty that may tell one's story. As the bankruptcy court could have enforced title in favor of the trustee, it could enforce possession *ad interim* in favor of the receiver. § 2. In the properly careful provision to protect him from use of the books in aid of prosecution the bankrupt got all that he could ask. The question certified is answered