EL PASO ELECTRIC RY. CO. v. HEATH.† (Circuit Court of Appeals. Fifth Circuit. November 27, 1911.) No. 2.166. In Error to the Circuit Court of the United States for the Western District of Texas. T. M. Miller and Leigh Clark, for plaintiff in error. S. Engelking and C. P. Johnson, for defendant in error. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. On the evidence the case was necessarily submitted to a jury, and in the charges and refusals to charge of the trial judge we find no reversible error. Judgment affirmed.

---

FINK et al. v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 27, 1911.) No. 2,195. In Error to the District Court of the United States for the Western District of Texas. M. W. Stanton, for plaintiffs in error. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. None of the assignments of error in this case are well taken. The judgment of the Circuit Court is affirmed.

---

In re FISKE et al. (Circuit Court of Appeals, Second Circuit. November 13, 1911.) No. 79. Appeal from the District Court of the United States for the Southern District of New York. This cause comes here upon appeal from an order granting the bankrupt's discharge. B. N. Cardoza, for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The specifications relied on are that bankrupts while insolvent transferred to the Mechanics' & Metal Bank property and other securities, for the purpose of hindering, delaying, and defrauding creditors; also that the bankrupts knowingly and fraudulently failed to schedule a certain debt due them on open account by one Dittmar. As to the first ground we fully concur with the District Judge that, although the transaction may or may not have constituted a voidable preference, the evidence does not tend to show a transfer with intent to hinder, delay, or defraud creditors. We do not think it necessary to add anything to what is said in his opinion. As to the second ground there is no finding by the referee, either way. The District Judge says that it was not asserted by creditors that it had been sustained by evidence. Examination of the record shows that there was no misstatement in the schedule. Instructions by Dittmar to transfer the amount named from another account to his own were given on the day of the bankruptcy, but the change had not been made in the books before petition was filed. Bankrupts were advised by counsel not to make any change in their books after such filing; but when the schedules were prepared the proper changes were made in them and affidavits submitted to the receiver explaining the transaction. This assignment of error is without merit. The order is affirmed.

---

FREEHOLD SHOP. CO., Limited, v. STITT. (Circuit Court of Appeals, Fifth Circuit. December 5, 1911.) No. 2,238. Appeal from the District Court of the United States for the Northern District of Texas. W. H. Slay, for appellant. H. O. Ledgerwood, for appellee. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. A majority of the judges being of opinion that this case was correctly ruled in the court below, the decree appealed from is affirmed.

---

In re HARRIS. (Circuit Court of Appeals, Second Circuit. October 16, 1911.) No. 188. Petition to Revise Order of the District Court of the United

† Rehearing denied December 26, 1911.

States for the Southern District of New York. Fischer & Rosenbaum, for petitioner. James, Schell & Elkus, for respondent. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The Supreme Court having answered the question certified in the affirmative (221 U. S. 274, 31 Sup. Ct. 557, 55 L. Ed. 732), the order of the District Court (164 Fed. 292) is affirmed.

---

HARRIS v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 3, 1911.) No. 2,145. In Error to the District Court of the United States for the Northern District of Alabama. Z. T. Rudulph and Ray Rushton, for plaintiff in error. Oliver D. Street, for the United States. Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The motion of the United States Attorney to dismiss this writ of error for want of prosecution is granted, and it is ordered accordingly.

---

ILLINOIS STEEL CO. v. AIGLER et al. (Circuit Court of Appeals, Eighth Circuit. October 9, 1911.) No. 3,343. Appeal from the Circuit Court of the United States, for the Eastern District of Oklahoma. See, also, 176 Fed. 853, 100 C. C. A. 323. Kemper K. Knapp, Robert W. Campbell, William D. McKenzie, D. M. Tibbetts, and Fred W. Green, for appellant. J. F. Sharp, N. A. Gibson, Charles H. Hamill, and Lessing Rosenthal, for appellees.

PER CURIAM. Dismissed per stipulation, without costs to either party in this court.

---

JENKINS et al. v. ATLANTIC COAST LINE R. CO. (Circuit Court of Appeals, Fourth Circuit. November 8, 1911.) No. 1,024. In Error to the Circuit Court of the United States for the District of South Carolina, at Charleston. See, also, 179 Fed. 535. J. J. McSwain, for plaintiffs in error. Lucian W. McLemore, for defendant in error.

PER CURIAM. Writ of error dismissed by consent. Order of court and consent filed.

---

KEEBLE v. JOHN DEERE PLOW CO. (Circuit Court of Appeals, Fifth Circuit. November 27, 1911.) No. 2,239. Petition to Superintend and Revise Order of the District Court for the Northern District of Texas. J. M. Wagstaff, for petitioner. Joseph Manson McCormick, for respondent. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The conditional sale was recorded before the petition in bankruptcy was filed, and therefore is prior in time to any lien the trustee may have growing out of the adjudication in bankruptcy. The petition is denied, with costs.

---

MAXWELL v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 3, 1911.) No. 2,149. In Error to the Circuit Court of the United States for the Northern District of Alabama. J. J. Willett, for plaintiff in error. Oliver D. Street, for the United States. Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. We find no reversible error in this case, and the judgment of the Circuit Court is affirmed.

---

MOY CHUNG v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 27, 1911.) No. 2,043. Appeal from the District Court of the United States for the Western District of Texas. Volney M. Brown, for ap-