## In re E. DIER &·CO.

## Ex parte DIER.

(District Court, S. D. New York.   February 27, 1922.)

Bankruptcy ⬤⇒242(2)—Receiver in bankruptcy, to whom bankrupt's books were delivered without objection, can produce them to be used before the grand jury.

Where the books of a bankrupt firm were delivered without objection to the receiver in bankruptcy, the bankrupt is not entitled to an injunction against the production of such books before the grand jury as evidence of a criminal offense committed by the bankrupt, on the ground that he was thereby deprived of his constitutional privileges under Const. Amends. 4 and 5, though, if he had objected to delivering the books to the receiver, he could not have been compelled to do so, without being given immunity against their use in a criminal prosecution.

In Bankruptcy.   In the matter of E. Dier & Co., bankrupts.   On rule nisi on behalf of Elmore D. Dier to enjoin the receiver in bankruptcy and the district attorney of New York county from using the books and papers of the alleged bankrupt firm before the grand jury. Rule discharged.

This proceeding comes up on rule nisi to enjoin a receiver in bankruptcy and the district attorney of New York county from using the books and papers of the alleged bankrupt firm before the grand jury of the Supreme Court of New York.   A petition was filed against the firm of which the petitioner was a member, and a receiver appointed.  The alleged bankrupts without objection surrendered possession of the books to the receiver, who now holds them.   The district attorney of New York county, contemplating criminal prosecution of the petitioner, has demanded possession of the books for presentation to a grand jury.   The petitioner asserts that such surrender would violate his constitutional privileges under articles 4 and 5 of the amendments to the United States Constitution.

Nash Rockwood, of New York City, for the rule.

Joab W. Banton, Dist. Atty., of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above).   It may be accepted that Judge Holt's ruling in Re Harris (D. C.) 164 Fed. 293, had the approval of the Supreme Court in the appeal in that case.   In re·Harris, 221 U. S. 274, 31 Sup. Ct. 557, 55 L. Ed. 752.   There the alleged bankrupt resisted the surrender of. his books to the receiver and was eventually protected to the extent that, though he must surrender, it was on condition that the books. should not be used by the receiver in aid of any criminal prosecution against him.   Thus a compromise was effected between the right of his creditors to administer his assets and his own right not to produce evidence against himself.

In Johnson v. U. S., 228 U. S. 457, 33 Sup. Ct. 572, 57 L. Ed. 919, 47 L. R. A. (N. S.) 263, the bankrupt had without reservation surrendered his books to a trustee, and these were thereafter used against him in a criminal trial over his objection.   The point involving his constitutional privilege went to the Supreme Court and was ruled against him.   The theory of the case was that, once possession and title passed

without protest from the bankrupt, his privilege ended. "A party is privileged from producing the evidence, but not from its production." 228 U. S. 458, 33 Sup. Ct. 572, 57 L. Ed. 919, 47 L. R. A. (N. S.) 263. In the case at bar there is indeed no trustee, only a receiver, and a receiver has no title; but that, I conceive, makes no difference. The production depends as little upon compelling the incriminated person to produce evidence against himself, when the possessor has no title, as when he has. The possessor alone can produce, not the owner, and the privilege protects only against such compulsion. See, also, In re Tracy & Co. (D. C.) 177 Fed. 532, and In re Mandel (D. C.) 224 Fed. 642. The test I take is whether the surrender was resisted when the receiver demanded possession.

Cases like Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, are not in point. In each the possessor of the evidence was forced to produce by illegal means, and this was held to taint, as it were, the evidence, so that not even information might be used, which was derived during the unlawful possession. Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, extended the rule to evidence procured by fraud. None of them touches the competency of proof which has been surrendered without claim of privilege, made at the time when the privilege could have been effectively asserted.

Nor is Arndstein v. McCarthy, 254 U. S. 71, 41 Sup. Ct. 26, 65 L. Ed. 138, nearer. That case decided that the declarations contained in schedules did not open the door to examination generally of the bankrupt's assets. It would apply only in case the alleged bankrupts here were examined upon the transactions contained in the books and papers. No one suggested that the schedules themselves were privileged in favor of the bankrupts. Had that been the ruling, as, for example, it was before the repeal of R. S. § 860 (Johnson v. United States, 163 Fed. 30, 89 C. C. A. 508, 18 L. R. A. [N. S.] 1194), something might be said in the case at bar for the privilege, not under the Constitution, it is true, but under the statute. Nothing of the sort now stands in the way; certainly not Arndstein v. McCarthy, supra.

Rule discharged.