## In re FREED BROS. STYLE COAT HOUSE, Inc.

District Court, S. D. New York.
May 13, 1931.

C. Edward Benoit, of New York City, for trustee.

Louis Jersawit and Trowbridge & Fox, all of New York City, for petitioners.

WOOLSEY, District Judge.

The petition to review is dismissed.

I. Assuming, but not deciding, that under General Order XXVII the petitioner had a right to bring this petition to an interlocutory order of a referee, the relief sought should not be granted, for I am asked to set aside a discretionary order made by the referee in which he refused to grant a continuance in a turnover proceeding sought on the ground of the pendency of an indictment against the respondents in that proceeding.

The referee's order was purely discretionary, and there was not any abuse of discretion shown. Cf. Goldsby v. United States, 160 U. S. 70, 72, 16 S. Ct. 216, 40 L. Ed. 343; Isaacs v. United States, 159 U. S. 487, 489, 16 S. Ct. 51, 40 L. Ed. 229; Goldfarb v. Keener, 263 F. 357, 359 (C. C. A. 2); In re Horowitz, 250 F. 106, 107 (C. C. A. 2); In re Rosenfeld-Goldman Co., 228 F. 921, 923 (D. C. Mass.).

II. The respondents to the turnover proceeding are not forced in any way to take the stand to testify. They may let the proceeding go by default. If the respondents to the turnover proceeding are embarrassed by their situation, it is merely, as Mr. Justice Holmes said in a slightly different connection, In the Matter of Harris, 221 U. S. 274, at page 279, 31 S. Ct. 557, 558, 55 L. Ed. 732, "one of the misfortunes of bankruptcy if it follows crime."

III. It may be observed that a petition to review an interlocutory order of a referee made during the pendency of such a proceeding as this is not to be encouraged in a busy court. Cf. In re Graboyes, 228 F. 574, 575 (D. C. E. D. Penn.); In re Rosenfeld-Goldman Co. (D. C.) 228 F. 921, 923.

Settle order on one day's notice.