## KAUFMAN v. HURWITZ.
### No. 5889.

United States Court of Appeals
Fourth Circuit.

Argued June 20, 1949.

Decided July 28, 1949.

William Saxon, Baltimore, Md., for appellant.

J. Martin McDonough, Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This is an appeal from an order denying Saul Kaufman a discharge in bankruptcy. The discharge was refused because Kaufman "failed to keep books of account or records from which his individual financial condition and all his individual business transactions might be ascertained" and because "the bankrupt has failed to explain satisfactorily the deficiency of assets to meet his liabilities, offering no explanation whatsoever of what became of the many thousands of dollars received by him" from several named creditors who lent him at least $68,000. Kaufman listed in his schedules among his unsecured creditors the names of persons who had loaned him various sums of money which amounted in the aggregate to $68,000, but when he was asked at a creditors' meeting what he had done with the money he refused to answer on the ground that his answers would incriminate him. He also failed to produce or keep any books of account or records in which the transactions with these creditors were set out.

The Bankruptcy Act provides, § 14, sub. c, 11 U.S.C.A. § 32, sub. c: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; * * * or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

The bankrupt's enterprises included a meat and grocery business and two restaurants. The funds whose application he refused to explain were used in none of these three enterprises but in some "personal business", the nature of which was not stated. Kaufman contends that his failure to produce books and records is justified because the books and records of his meat and grocery business were seized and the business was sold under attachment, and he had been unable to recover the books and records despite repeated ef-

forts. This contention, however, is beside the point since it is conceded that the questionable transactions of his personal business were not recorded in the books of his meat and grocery store.

The question for decision is whether the appellant was relieved from the performance of the duties imposed upon bankrupts by the statute as conditions of a discharge from their debts, by the fact that he was engaged in transactions which would incriminate him if disclosed by entries in his books of account or by his explanation of his loss of assets or deficiency of assets to meet his liability. We think not. A discharge of a bankrupt from his debts is a privilege or favor that has been granted by Congress upon such terms as it has seen fit to impose, and if the bankrupt is unable to meet these terms without running the risk of a criminal prosecution, he must choose between the statutory privilege of discharge in bankruptcy or the constitutional privilege against self incrimination. It "is one of the misfortunes of bankruptcy if it follows crime." Matter of Harris, 221 U.S. 274, 279, 31 S.Ct. 557, 558, 55 L.Ed. 732. If it should be held that the claim of privilege against self incrimination constitutes a justification for failure to keep records and to explain the deficiency of assets to meet liabilities, the way would be open for a bankrupt to obtain the privileges of the statute without providing the assurance that all of his assets will be applied to the satisfaction of his debts; and Congress could not have intended this result.

A similar conclusion is reached when the question arises whether a discharge should be denied under Section 14, sub. c(6) of the statute when in the course of the proceedings in bankruptcy the bankrupt, claiming his privilege against self incrimination, has refused to answer material questions approved by the court. It is uniformly held in such a situation that the discharge must be denied. See, In re Dresser, 2 Cir., 146 F. 383; In re Weinreb, 2 Cir., 153 F. 363; In re Schwartz & Co., D.C.S.D.N.Y., 201 F. 166, 168; In re Bauknight, D.C.S.D.Fla., 14 F.2d 674; In re Hochberg, D.C.W.D.Pa., 17 F.Supp. 916.

In the first mentioned case, In re Dresser, 2 Cir., 146 F. 383, the court said at page 385:

"The facts proved in support of the second objection were these: During his examination at a meeting of creditors the bankrupt refused to answer certain material questions relating to the disposition of certain of his property, assigning as a reason that the answer might tend to incriminate himself. The referee formally approved the questions, but refused to order the bankrupt to answer. The facts bring the case directly within the language and spirit of clause 6.

"The contention for the appellant is that to enforce clause 6 under the circumstances of this case would deprive the bankrupt of his constitutional right of immunity from self-incrimination. * * * We entertain no doubt that it is within the power of Congress to grant or to refuse a discharge to a bankrupt upon such conditions as it may deem proper. Such a privilege is not a natural right, or a right of property, but is a matter of favor, to be accepted upon such terms as Congress sees fit to impose."

Affirmed.