In re Allen E. KAUFMAN, Debtor.

Bankruptcy No. 82-00614.

United States Bankruptcy Court, D. Hawaii.

Sept. 8, 1983.

Gerald I. Fujita, Honolulu, Hawaii, for trustee.

Charles H. Brower, Honolulu, Hawaii, for debtor.

Thomas M. Culbertson, Edward Kemper, Honolulu, Hawaii, for creditors.

## ORDER RE: MOTION FOR ORDER COMPELLING DEBTOR TO COMPLY WITH CODE § 521

JON J. CHINEN, Bankruptcy Judge.

On August 12, 1983 Doris Prather and Avery Freed, two of the original Petitioning Creditors, filed a Motion For Order Compelling Debtor To Comply With Code Section 521, specifically requesting that Allan E. Kaufman, hereafter "Debtor", file a list of creditors, a schedule of assets and liabilities, and a statement of financial affairs as required by Sec. 521(1) and to surrender to the Trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, as required by Sec. 521(3).

A hearing on the above Motion was heard on September 1, 1983, at which time present were Gerald Fujita, representing Ralph S. Aoki, the Trustee, who was also present, Charles Brower, representing Debtor, Thomas Culbertson, representing Doris Prather and Avery Freed, and Edward C. Kemper, representing Dorothy Essen and David and Kate Newell.

Based upon the arguments of counsel, memoranda filed and the records herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On October 26, 1982, an Involuntary Petition under Chapter 7 was filed against Debtor.

On November 18, 1982, a Stipulation was entered extending the time to file an Answer, move or otherwise plead in the case.

On November 22, 1982, Debtor filed a Motion to Dismiss the involuntary petition.

On February 8, 1983, the original Petitioning Creditors filed a Motion For Summary Judgment. At the hearing on said Motion For Summary Judgment on February 18, 1983, counsel for Debtor represented that he had no objection to an Order For Relief being entered and a Trustee being appointed, with the understanding that Debtor does not admit to any claim of fraud, securities violations, and unfair and deceptive business practices. Additionally, Debtor retained his constitutional defense against any criminal indictment against him.

The Order For Relief was entered on February 23, 1983. Thereafter, on August 12, 1983, the instant Motion was filed. In resisting the Motion, Debtor pleads the Fifth Amendment. Debtor contends that he should not be compelled to testify against himself; thus, he should not be required to comply with Sec. 521(1) or 521(3).

### CONCLUSIONS OF LAW

Upon the entry of an Order For Relief, an estate of the Debtor is created as a separate entity from the Debtor himself. Thereafter, all of the property held by the Debtor at the time of the Order For Relief becomes part of the estate and is no longer owned by Debtor. Debtor may carve out a portion of this estate for retention through the process of claiming exemptions.

The Supreme Court of the United States has held that, because the debtor's books, records and assets no longer belong to the debtor after adjudication, the Fifth Amendment is no longer applicable as a defense in the trustee's efforts to obtain those items. In *In re Harris*, 221 U.S. 274, 31 S.Ct. 557, 55 L.Ed. 73 (1911), the Court stated:

But no constitutional rights are touched. The question is not of testimony but of surrender—not of compelling the bankrupt to be a witness against himself in a criminal case, present or future, but of compelling him to yield possession of property that he no longer is entitled to keep. If a trustee had been appointed, the title to the books would have vested in him by the express terms of § 70, and the bankrupt could not have withheld possession of what he no longer owned,

on the ground that otherwise he might be punished. That is one of the misfortunes of bankruptcy if it follows crime. The right not to be compelled to be a witness against oneself is not a right to appropriate property that may tell one's story . . . .

■ Based on the ruling in *In re Harris,* supra, this Court finds that the Debtor may not rely on the 5th Amendment to avoid turning over to the Trustee the documents, records and assets belonging to the estate.

■ However, to require Debtor to prepare in writing a list of creditors, a schedule of assets and liabilities and a statement of financial affairs may result in information that may be used against Debtor in a criminal action. The Debtor would then be compelled to be a witness against himself. This is prohibited by the Fifth Amendment. The Court thus finds that Debtor cannot be compelled to comply with Sec. 521(1), if he invokes the 5th Amendment and Debtor has here invoked said privilege.

The Court hereby orders and directs that Debtor turn over to the Trustee all property which he held as of the date of entry of the Order For Relief.

The Court hereby denies the Motion For Order Compelling Debtor To Comply With Section 521(1).