**In re WALSH TRUCKING CO., INC. a New Jersey Corporation; National Retail Transportation, Inc., a New Jersey Corporation; Coastal Freight Lines, Inc., a Pennsylvania Corporation; Hempstead Delivery Co., Inc., a New York Corporation; and Francis J. Walsh, Jr., d/b/a Frank Walsh Financial Resources, Debtors.**

**Bankruptcy Nos. 85–03260, 85–03266, 85–03287, 85–03286 and 85–03267.**

United States Bankruptcy Court, D. New Jersey.

Dec. 9, 1986.

_____

Schwartz, Tobia & Stanziale, P.A., Montclair, by Ben H. Becker, for trustee.

Bathgate, Wegener, Wouters & Neumann, Lakewood, by Timothy P. Neumann, for Francis J. Walsh, Jr. and Frank Walsh Financial Resources.

WILLIAM H. GINDIN, Bankruptcy Judge.

On June 20, 1985 the individual debtor, Francis J. Walsh, Jr., d/b/a Frank Walsh Financial Resources, filed a petition pursuant to Chapter 11 of the Bankruptcy Code. On March 12, 1986 the Court authorized the appointment of a trustee for the debtor. Raymond T. Lyons, Jr. was appointed trustee and began functioning in such capacity on April 25, 1986.

A hearing was held pursuant to 11 U.S.C. § 341(a) on August 2, 1985 in the office of the United States Trustee. The hearing was continued until October 1, 1985. At that hearing the debtor testified concerning his financial affairs and the various documents which existed supporting and recording such affairs. In addition, on May 9, 1986, pursuant to the direction of this Court, a deposition of the debtor was taken pursuant to Rule 2004.

On October 6, 1986 the trustee was served with a subpoena requiring him to produce the following:

1. All bank statements and cancelled checks of Frank Walsh Financial Resources for the period from 1980 to 1985 inclusive.

2. All bank statements, cancelled checks, investment account statements and personal, federal and state income tax returns for Frank Walsh for the period from 1980 to 1985 inclusive.

The subpoena was issued in the name of the Clerk of the United States District Court on the application of the United States Attorney and countersigned by the Assistant United States Attorney. The designation on the subpoena was for testimony before the Grand Jury and the notation on the bottom of the subpoena indicated "frauds". It should also be noted that on September 23, 1986 the debtor was indicted by a Grand Jury in the Ninth Circuit for activities during the periods covered by the subpoena. The debtor has been advised that the investigation by the Unit-

ed States Attorney's Office in New Jersey relates to possible Bankruptcy fraud.

On November 5, 1986 the trustee brought a notice of motion on short notice to compel the debtor to turn over the material requested by the United States Attorney's Office. The debtor responded to the notice of motion by urging that, by virtue of the privilege against self incrimination contained in the Fifth Amendment to the Constitution of the United States, the debtor has a privilege to refuse to turn over the material to the trustee.

The debtor argues in support of its position, firstly, that the trustee is serving only as a conduit for the transfer of information to the United States Attorney's Office. The debtor cites no law which restricts in any way the use of the subpoena in the instant case, and the Court can find no law in support of that proposition. The facts do however support the proposition, unopposed by the trustee, that the debtor has a genuine fear concerning criminal prosecution and, insofar as the law requires him to show that his concern is genuine, those facts are accepted in support of the debtor's position.

More importantly, the debtor urges that while the documents themselves are not privileged, the act of turning them over to the trustee is a testimonial act and would allow a trier of the fact to draw the inference that the mere act of turning over such documents is in itself an authentication of the documentation. The debtor urges, and there is nothing in the file to the contrary, that the documents have not yet been formally authenticated. In support of this proposition the debtor relies on *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). In that case the Court made a clear distinction between the documents themselves and the act of producing the documents. Justice Powell indicated "that the contents of business records ordinarily are not privileged because they are created voluntarily and without compulsion". 465 U.S. at 608–09, 104 S.Ct. at 1239–40. He went on to hold, however, "a government subpoena compels

the holder of the document to perform an act that may have testimonial aspects and an incriminating effect" 465 U.S. at 612, 104 S.Ct. at 1242. Although the result is somewhat different, *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976) also clearly draws a distinction between the two acts.

The debtors claim that the privilege attaches and that they have not waived that privilege. The trustee points out that the testimony previously given at the § 341(a) hearing operated as a waiver of any Fifth Amendment privilege which the debtor may have had against the production of the documents. The debtor voluntarily gave testimony stating that he had the records referred to in the schedules and statement of affairs. These questions in the statement of affairs include questions concerning what books and records were kept. Furthermore, detailed testimony was given at both the § 341(a) hearing and the Rule 2004 examination. The case of *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951) is instructive. There a secretary/treasurer of an organization acknowledged that books and records existed but refused to produce them, claiming a Fifth Amendment privilege. Then Chief Justice Vinson indicated that the free and full disclosure of a "criminating fact" requires full disclosure of the details, 340 U.S. at 374, 71 S.Ct. at 442.

In the Bankruptcy context the Court has held that "once a witness has freely testified to incriminating facts, he cannot refuse to testify as to the details". *In re Candor Diamond Corp.*, 42 B.R. 916, 920 (Bkrtcy.S.D.N.Y.1984). While the distinction between the existence of the documents and the production of the documents as pointed out by the debtor is a valid one, the specific information produced by the debtor in the instant case is that the records involved were produced by his accountants and his accountants' staff. No assertion of the privilege in favor of such material is made and the production does no more than identify with more particularity the documents referred to in the peti-

tion and schedules previously filed as well as the testimony at the § 341(a) hearing and the Rule 2004 examination.

Even more important than the distinctions set forth and the claim of waiver by the trustee is the right of the debtor to withhold the production of documents in the Bankruptcy context. The within petition is a voluntary petition.

While little has been written on the issue of turnover, a review of the question of dischargeability may be helpful. Historically, courts have made a distinction between Fifth Amendment rights and the privilege sought by a debtor to obtain a discharge from his debts. *In re Dresser*, 146 F. 383, 16 Am.B.R. 561 (2d Cir., 1905). Under the old Bankruptcy Act, sections 14c and 14c(6), if a bankrupt sought a discharge, he was compelled by the provisions of the act to cooperate. *Kaufman v. Hurwitz*, 176 F.2d 210 (4th Cir., 1949). There it was clearly held that a debtor was not entitled to plead the Fifth Amendment and still obtain a determination that he was entitled to a discharge or that a debt was not dischargeable. *Matter of Harris*, 221 U.S. 274, 31 S.Ct. 557, 55 L.Ed. 732 (1911) and *McCarthy v. Arndstein*, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924).

Congress in drafting the bankruptcy code, 11 U.S.C. §§ 101 et seq., took a careful look at the issue and made specific determinations. It determined that failure to testify would prevent a discharge only after the debtor had been granted immunity. 11 U.S.C. § 727(a)(6). Under § (B) of that provision it was made clear that the discharge could only be denied if immunity had been granted under the provisions of 11 U.S.C. § 344. Immunity could be granted for the purposes of submission to examination. With respect to the discharge of particular debts, no such provision exists. As a result, it is clear that the privilege may not be used to prevent the declaration of nondischargeability as to a particular debt.

Likewise, Congress specifically dealt with the problem before the Court in the instant case. 11 U.S.C. § 521 provides for the debtor's duties:

§ 521. **Debtor's duties.** The debtor shall ...

(3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

(4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to the property of the estate, <u>whether or not immunity is granted under § 344 of this title;</u> (emphasis added) ...

The legislative history makes it clear that the intention of Congress was that all material be turned over. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 176 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. Furthermore, the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub.L. No. 98–353) added the underlined words so that no question remains but that Congress intended the debtor to turn over such material.

The debtor in the instant case relies as well on the principles which are ennunciated in *Butcher v. Bailey*, 753 F.2d 465 (6th Cir.,1985). In that case the Court held that the production of documents constituted an act which operated as an authentication of records and that the debtor's production of records was a testimonial act. The case, however, presents a problem different from the instant one in that the petition was an involuntary one. The debtor had not affirmatively sought relief under the code, but rather responded to a claim by creditors that he was insolvent. Furthermore, and more important, facts in that case arose prior to the passage of the Bankruptcy Amendment and Federal Judgeship Act of 1984, *supra*. Legislative history appears to be silent on the specific extension of the provisions of § 521, but it is clear from the language used that the problem anticipated in *Butcher* was sought to be avoided by Congress.

It is clear that Congress intended that the debtor was not to have immunity and was required to produce documents to the trustee. Whether the trustee can turn those documents over to the United States Attorney is another determination for another forum.

Based upon the foregoing the motion for turnover by the trustee is hereby granted.

The attorney for the trustee is directed to submit an order in accordance with this opinion.