759 F.2d 1418
 18 Fed. R. Evid. Serv. 310
 In re GRAND JURY PROCEEDINGS ON FEBRUARY 4, 1982, Before the
Insenson Grand Jury.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert TERRY, Richard Rosenfield, Lloyd Ingber and John
Barrett, Intervenors-Appellants.
 No. 82-5639.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 4, 1983.
Submission Vacated Nov. 7, 1983.
Resubmitted May 8, 1985.
Decided May 8, 1985.
 
 Mark Torres-Gil, Los Angeles, Cal., for plaintiff-appellee.
 Richard L. Rosenfield, Flax & Rosenfield, P.C., Los Angeles, Cal., for intervenors-appellants.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, TANG and FLETCHER, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 Robert Terry is the object of a grand jury investigation for possible tax violations. His attorneys and accountant appeal from the district court's order to produce documents enumerated in subpoenas served upon them. Terry intervened in the district court and is therefore pursuing an appeal here as well. See In re Gren, 633 F.2d 825, 826 (9th Cir.1980).
 
 
 2
 The government issued subpoenas to attorneys Ingber and Rosenfield and to accountant Barrett, seeking documents of Terry's in their possession. Ingber formerly represented Terry; Rosenfield now represents him. Barrett is a member of the accounting firm retained by Rosenfield to assist in Terry's representation.
 
 
 3
 The appellants provided the government with those documents they characterized as corporate, but refused to provide others, described by appellants as "those documents belonging to the client personally, and relating to the client's personal transactions and records." Appellants also claimed a privilege as to documents they described as involving "transactions ... conducted through the non-institutional type partnerships and partnership joint ventures ... for which the documents were the client's personal documents." Id.
 
 
 4
 Appellants provided a general inventory of the types of documents they possessed to the district court. At a hearing June 16, 1982, the appellants argued that many of the items sought were Terry's personal documents and thus privileged. Appellants offered to prepare further affidavits, offer testimony in camera, or submit the documents to the judge.
 
 
 5
 Following that hearing, an affidavit prepared by the taxpayer was submitted to the court under seal. After reviewing this final affidavit, the court held a brief hearing July 7, 1982, where the judge stated:
 
 
 6
 In my review of the items, I don't find any items that I deem to be of a personal nature as understood by the controlling law in the Ninth Circuit, or indeed anywhere within the circuits or within the United States Supreme Court decisions and that being the case, I don't find any privacy issue that would be violated.
 
 
 7
 (III RT 8.)
 
 
 8
 The district court's order stated that "no Fifth Amendment privilege, work product privilege, or attorney-client privilege exists" and ordered appellants to produce the documents. The basic contention on appeal is that the requested documents are personal in nature and thus privileged under the fifth amendment, a privilege which the appellants claim is not lost merely because the documents are entrusted to attorneys for legal advice.
 
 
 9
 We vacated submission of this case pending the Supreme Court's decision in Matter of Grand Jury Empanelled March 19, 1980, 680 F.2d 327 (3d Cir.1982), cert. granted sub. nom. United States v. Doe, 461 U.S. 913, 103 S.Ct. 1890, 77 L.Ed.2d 281 (1983). The Supreme Court rendered its decision in United States v. Doe, --- U.S. ----, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). The case is therefore resubmitted for decision and we now reverse the judgment of the district court.
 
 
 10
 The precise basis for the district court's conclusion is unclear. Either the appellants failed to convince the court that most of the documents were properly characterized as personal business or sole proprietorship records, or the district court felt that after Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), personal business records are not privileged. We need not detain ourselves with the problem of interpreting the district court's rationale because the Supreme Court has now made it clear that regardless of the precise characterization of the disputed papers, the contents of such documents are not privileged under the fifth amendment in the absence of some showing that creation of the documents was the product of compulsion. United States v. Doe, 104 S.Ct. at 1242.
 
 
 11
 In Doe, the owner of several sole proprietorships attempted to quash subpoenas demanding the production of various records from the owner's companies. He was successful in the district court and the third circuit affirmed. The third circuit concluded that the papers of a sole proprietorship are similar to the individual owner's personal records and as such were entitled to fifth amendment protection. The court also reasoned that the mere act of producing the documents carried communicative aspects thereby bringing the act of production within the privilege. 680 F.2d at 335.
 
 
 12
 The Supreme Court partially embraced the third circuit's approach. The Court held that the act of producing the documents may be privileged when the facts indicate that production would involve testimonial self-incrimination. 104 S.Ct. at 1242-43. The Court rejected the third circuit's conclusion that the contents of business records may be privileged according to their content even if their creation was not compelled. "[T]he Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the taxpayer, for the privilege protects a person only against being incriminated by his own compelled testimonial communications." 104 S.Ct. at 1241 (quotingFisher v. United States, 425 U.S. 391, 409-10, 96 S.Ct. 1569, 1580-81, 48 L.Ed.2d 39 (1976) ) (citations omitted). The Court concluded that the contents of the documents were not privileged absent a showing that the owner "prepared the documents involuntarily or that the subpoena would force him to restate, repeat, or affirm the truth of their contents." Id. at 1242 (footnotes omitted).
 
 
 13
 Terry does not contend that he created the requested documents under any compulsion. Therefore, the contents of the documents are not privileged.
 
 
 14
 However, the teaching of United States v. Doe suggests that "[a]lthough the contents of a document may not be privileged, the act of producing the document may be." 104 S.Ct. at 1242 (citing Fisher, 425 U.S. at 410, 96 S.Ct. at 1580); accord In re Grand Jury Proceedings, 745 F.2d 1250, 1251 (9th Cir.1984). In Doe, the district court found that enforcement of the subpoena would force the respondent to admit the existence of the records demanded, his possession of them, and their authenticity. These tacit communications, if compelled by subpoena, would constitute testimonial self-incrimination. Id., 104 S.Ct. at 1242-43. The Supreme Court refused to overturn the district court's findings, and, on this basis, concluded that the respondent could not be compelled to produce the subpoenaed documents. Id. at 1243.
 
 
 15
 We face a somewhat different question here, because the government sought production from Terry's attorney, rather than from Terry himself.[1] In Fisher, the Supreme Court held that the fifth amendment privilege against self incrimination is not implicated when an attorney is ordered to produce a client's documents even though such production may have been privileged under the fifth amendment while in the client's possession. 425 U.S. at 397, 96 S.Ct. at 1574. The Court further held, however, that when documents are transferred to an attorney for the purpose of obtaining legal advice, the documents, if unobtainable by summons from the client, are unobtainable by summons from the attorney. Id. at 405, 96 S.Ct. at 1578. This holding rests on the policy reasons supporting the attorney-client privilege. Id. To hold otherwise would discourage clients from disclosing incriminating documents to their attorneys. The attorney-client privilege and the interests it protects would be ill-served by holding that Terry "walked into his attorney's office unquestionably shielded with the fifth amendment's protection, and walked out with something less." United States v. Judson, 322 F.2d 460, 466 (9th Cir.1963). Thus, we must consider whether, if Terry held the records demanded, his act of turning them over would be testimonial and incriminating. Accord In re Grand Jury Subpoena Duces Tecum, 754 F.2d 918, 920 (11th Cir.1985) (recognizing that an attorney's production could implicate client in compelled testimonial incrimination); In re Grand Jury Proceedings, 747 F.2d 1098, 1100 (6th Cir.1984) (attorney's production of partnership and corporation records would require tacit incriminating admissions). It must also be determined whether the subpoenaed documents were actually given to the attorney to obtain legal advice. Fisher, 425 U.S. at 404, 96 S.Ct. at 1577.
 
 
 16
 The act of production is testimonial if it can be used by the government to show the existence, possession, or authenticity of the documents requested. Doe, 104 S.Ct. at 1243, n. 11. These are uniquely factual inquiries. Doe, 104 S.Ct. at 1243; Fisher, 425 U.S. at 410, 96 S.Ct. at 1580.
 
 
 17
 The subpoena in this case demands personal journals, files related to the purchase of fishing boats, stock transactions, escrow statements, and receipts. Many of these documents belong to, and were prepared by, Terry, himself. Terry's production of them could therefore relieve the government of proving the existence, possession, or authenticity of the records, and, thus could be incriminatory. We cannot conclude on the basis of the record before us that the act of production would involve only "trifling and imaginary" incrimination. See Doe, 104 S.Ct. at 1243 n. 13.
 
 
 18
 Because these unresolved factual issues are more properly suited to resolution in the district court, we must remand this case.
 
 
 19
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Recently, in In re Grand Jury Proceedings, 745 F.2d 1250 (9th Cir.1984), we applied Doe and concluded that the government could compel a bookkeeper to turn over records she prepared and kept for her principal, even though the government could not have compelled production of the same records from the principal himself. Id. at 1251-52. Because, in this case, the persons who possess the documents the government seeks are Terry's attorney and an accountant, allegedly hired by the attorney in connection with providing legal advice to Terry, we must analyze production in light of the purposes underlying the attorney-client privilege