UNITED STATES of America and Maxie G. Reedy, Special Agent, Internal Revenue Service, Petitioners,

v.

Graham C. McPHAUL as President of Greer-McPhaul Funeral Home, Inc. and Greer-McPhaul Funeral Home, Inc., Respondents.

UNITED STATES of America and Maxie G. Reedy, Special Agent, Internal Revenue Service, Petitioners,

v.

John K. McGILL, Attorney with Garland Alala, P.A., and Garland Alala, P.A., Respondents.

Civ. Misc. Nos. ST–201, 700–M.

United States District Court,
W.D. North Carolina,
Statesville and Charlotte Divisions.

Sept. 11, 1985.

Charles R. Brewer, U.S. Atty., Asheville, N.C., Betsy E. Burke, Trial Atty., Tax Div.,

U.S. Dept. of Justice, Washington, D.C., for petitioners.

John K. McGill, Garland & Alala, P.A., Gastonia, N.C., for respondents.

## ORDER

McMILLAN, District Judge.

On June 21, 1984, Internal Revenue Service (I.R.S.) summonses were served upon (1) Graham C. McPhaul, as President of Greer-McPhaul Funeral Home, Inc. and Greer-McPhaul Funeral Home, Inc. and (2) John K. McGill, attorney with Garland and Alala, P.A., and Garland and Alala, P.A., requiring them to appear before an I.R.S. agent and to produce requested business records. The summonses do *not* require that respondents appear to *testify*. These summonses are the last of a series of summonses issued against the respondents; the previous ones have been withdrawn because of defects.

On April 10, 1985, the United States and I.R.S. agent Maxie G. Reedy filed petitions to enforce the summonses. Because the two petitions involve the same legal and factual questions, they have been consolidated for consideration.

Respondents have not raised any issues of the sufficiency of the summonses or the petitioners' statutory authority to request the information. Affidavits of Maxie Reedy show that the prerequisites to an enforceable summons, explained in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964), have been met.

The government is now conducting a joint investigation through the Civil and Criminal Investigation Divisions of the Internal Revenue Service. No referral to the Justice Department, as defined by 26 U.S.C. § 7602(c)(2), has been made.

Respondents advance four arguments to limit or defeat the summonses:

■ 1. Respondents argue that petitioners are limited in their authority to copy documents produced in response to the summonses. Respondents claim that the I.R.S. agents may not copy all of the documents and may not copy documents which are not relevant to the investigation.

The summonses have been issued pursuant to 26 U.S.C. § 7602(a)(1) which authorizes the agent to "examine any books, papers, records, or other data which *may* be relevant or material to such inquiry" (emphasis added).

The I.R.S. agent has authority to photocopy any documents produced in compliance with the summonses. *McGarry v. Riley*, 363 F.2d 421 (1st Cir.), *cert. denied*, 385 U.S. 969, 87 S.Ct. 502, 17 L.Ed.2d 433 (1966). Respondents argue that although there is authority to photocopy some records, it does not extend to copying all of the records, if the agent chooses to do so. The court finds no support for this argument. The I.R.S. agent may copy any and all documents which, in the agent's opinion, are *or may be* relevant. No judicial determination of relevancy is required.

Respondents have requested that the production, if ordered, take place at the office of Garland and Alala, P.A. Petitioners have no objection to this as long as they are permitted to copy the documents there. The court finds that the law office is a reasonable place for the production.

■ 2. Respondents argue that they have a right to have counsel present both at the production of documents and at any subsequent examination of the documents.

This right to have counsel in such cases is founded, not upon any constitutional right, but upon the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq.* Under 5 U.S.C. § 555(b), there is a right to have counsel present whenever a person is compelled to appear. The summonses in question require the respondents to appear and produce the documents. The provisions of the APA apply to proceedings of the I.R.S. *Backer v. C.I.R.*, 275 F.2d 141 (5th Cir.1960). Therefore, the court concludes that respondents have a right to counsel at the *production* of the documents. However, the court finds no support for respondents' contention that the

right to counsel extends to subsequent examination of the documents. Such a right to counsel would require the I.R.S. agent to notify respondents and set a time and place before the agent even reviews the copied documents as part of the investigation. The APA does not extend the right to counsel so far. The court will order that counsel be allowed to be present at the production of documents, but not at any subsequent examination of those documents.

■ 3. Respondents contend that allowing the petitioners to copy and examine the records continually will violate their rights to have a notice of a second audit, pursuant to 26 U.S.C. § 7605(b). The joint investigation by the Civil and Criminal Investigation Divisions is still under way. There has been no referral to the Justice Department.

The Fourth Circuit Court of Appeals has recently decided in a similar situation that there was no second audit requiring additional notice to the taxpayers. *United States v. Morgan*, 761 F.2d 1009 (4th Cir. 1985). The court finds that *Morgan* controls the issue presented. Under circuit law, there has been no end to the first audit, and therefore there is no need for a second notice.

4. The most serious issue raised by respondents is that an order that they produce the documents will violate their right under the Fifth Amendment not to incriminate themselves.

The Supreme Court has held that the *contents* of the documents produced pursuant to an I.R.S. summons are not privileged, but the *act of production* itself *may* be privileged. *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). This court is unable to understand why the most important element, the *contents* of the documents, has no Fifth Amendment privilege, but the Supreme Court has spoken clearly on this issue; and that Court, not this court, makes the law.

■ The *act of production* of the documents *may* be protected by the Fifth Amendment if the production is testimonial and is incriminating. *Id.*, 465 U.S. at —, 104 S.Ct. at 1241. An example of this may occur if the government relies upon the *production* in compliance with the summonses in order to *authenticate* the documents.

■ The court has received no evidence on the testimonial and incriminating aspects of the production in this case. However, the petitioners have made a statutory request, pursuant to 18 U.S.C. §§ 6002, 6003, for the grant of use immunity for the act of production of the documents. The court has approved this request. The Supreme Court in *Doe* explained that such immunity will protect the Fifth Amendment rights of the taxpayers and still allow the I.R.S. to gain access to the unprivileged *contents* of the documents. However, the immunity only extends to the *act of production*. The Supreme Court characterized as "unfounded" the argument that the use immunity extends to the "contents of the document as well as the act of production." *Id.*, 465 U.S. at —, n. 17, 104 S.Ct. at 1244, n. 17. 52 U.S.L.W. at 4300, n. 17.

Because use immunity will be granted, there is no barrier from the Fifth Amendment to the production of the documents.

IT IS THEREFORE ORDERED that the petitions to enforce the summonses are GRANTED to the following extent:

1. That the documents specified in the summonses be produced for the inspection of I.R.S. agents at the offices of Garland and Alala, P.A. located at 192 South Street, in Gastonia, North Carolina, at ten o'clock a.m. on the 7th day of October, 1985, provided that petitioners deliver to respondents at or before the inspection a copy of an order of use immunity, as required by 18 U.S.C. § 6002.

2. That counsel for respondents may be present at the *production* of the documents, but that presence of counsel is not required at any *subsequent examination* of the documents.

3. That agents for petitioners may examine and copy any of the documents produced. I.R.S. agents will determine what

documents are or may be relevant. I.R.S. agents may then remove those copies from the offices of Garland and Alala, P.A.