**In re GRAND JURY SUBPOENAS DUCES TECUM SERVED UPON 22ND AVENUE DRUGS, INC., Silver Star Export, Inc., and Sea Gull Marine, Inc.**

**In re GRAND JURY SUBPOENA DUCES TECUM SERVED UPON ARK ROYAL INDUSTRIES and Rabanne Establishment.**

**Nos. 85–2, 85–8.**

United States District Court,
S.D. Florida,
Miami Division.

April 9, 1986.

Eugene F. Zenobi, for Carlos Acosta Sr., 22nd Avenue Drugs, and Silver Star.

Harry M. Solomon, for Reinaldo Diaz and Sea Gull.

Charles V. Senatore, Norman A. Moscowitz, Asst. U.S. Attys.

Alan L. Weisberg, for Eric Blum, Ark Royal Industries and Rabanne Establishment.

## MEMORANDUM OPINION AND ORDER

SPELLMAN, District Judge.

### I

This CAUSE came before the Court on two Grand Jury matters, *In Re: Grand Jury Subpoenas Duces Tecum Served Upon 22nd Avenue Drugs, Inc., Silver Star Export, Inc., and Sea Gull Marine, Inc.,* and *In Re: Grand Jury Subpoena Duces Tecum Served Upon Ark Royal Industries and Rabanne Establishment.*

In the first dispute, on February 12, 1986, the Grand Jury issued a records subpoena to Sea Gull Marine Inc. (Sea Gull). On February 18, 1986, the Grand Jury issued two subpoenas calling for the identical information to 22nd Avenue Drugs, Inc. (22nd Avenue) and to Silver Star Export, Inc. (Silver Star). The Grand Jury issued these subpoenas to further its investigation of violations of the federal laws prohibiting the manufacture of cocaine, as well as of violations of the internal revenue laws. Carlos Acosta, Sr., the sole stockholder, director and responsible officer of Acosta Pharmacy filed a Motion to Quash the Subpoenas issued to 22nd Avenue, d/b/a Acosta Pharmacy, and Silver Star. Reinaldo Diaz, President of Sea Gull Marine, filed a Motion to Quash the Subpoena Duces Tecum issued to Sea Gull, and alternatively for a Protective Order.

The Movants' objections to the subpoenas were quite numerous. They claimed that the subpoenas, in their demands for the production of documents and records, were overly broad and vague and that they sought items that were immaterial and ir-

relevant to the scope of the investigation. Most notably, the movants submitted that compliance with the Subpoenas Duces Tecum violated their right against compulsory self-incrimination under the Fifth Amendment to the United States Constitution.

On March 26, 1986, this Court held an in-camera Hearing with respect to these Motions. At this Hearing, Mr. Harry Solomon, Esq., announced that he was appearing on behalf of Sea Gull and Reinaldo Diaz, individually. Mr. Eugene Zenobi, Esq., however, appeared initially on behalf of Carlos Acosta, Sr. This Court proceeded to express its concern that the corporate entities, 22nd Avenue and Silver Star, have legal representation since the two Subpoenas were indeed directed to them. This Court accordingly indicated that it was ready and willing to appoint a representative, possibly an attorney *ad litem*, to represent them. At that point, Mr. Zenobi represented to this Court that he did have the authority to appear on behalf of 22nd Avenue and Silver Star. He assured this Court that his decision to enter an appearance on behalf of these corporations did not present a conflict of interest and was a purely voluntary one.

At the Hearing, this Court addressed the vagueness and overbreadth contentions of the Movants and proceeded to modify the scope of each subpoena. The Court excised the language demanding "any and all records ... including, but not limited to" the enumerated list attached to each Subpoena. As modified, each Subpoena requires the production of the classes of documents specifically enumerated on that list.

Next, this Court set into motion the foundational steps for resolving the more intricate question of how to deal with a situation where Subpoenas are directed to corporations and custodians of records who claim that the act of production violates their right against compulsory self-incrimination. This Court advised the attorneys, *as representatives of the respective corporations* and as officers of the Court, to

immediately take custody of all documents to which the modified Subpoenas were directed. This Court further directed said counsel to retain these documents pending further Order of this Court. *See* Order, *In Re: Grand Jury Subpoenas Duces Tecum Served Upon 22nd Avenue Drugs, Inc., Silver Star Export Inc., and Sea Gull Marine, Inc.,* GJ–85–2 SPELLMAN (March 31, 1986).

In the second dispute before this Court, the Grand Jury was investigating possible violations of the federal income tax laws and Eric Blum became a target of this investigation. On February 27, 1986, the Grand Jury served a subpoena upon him in his representative capacity to produce various records of two corporations, Ark Royal Industries and Rabanne Establishment.[1] Eric Blum is the President/Treasurer of the first corporation and has a power of attorney for the latter.

On March 7, 1986, Mr. Blum refused to produce these records and raised his Fifth Amendment privilege against self-incrimination based upon the act of production of said records. The Government then filed a Motion to Compel Eric Blum to produce the documents as required in the Subpoena Duces Tecum served upon him. Subsequently, this Court heard the Motion and reviewed the arguments of the respective counsel. This Court then issued an Order similar to the one entered in the 22nd Avenue, Silver Star and Sea Gull Matter. This Court directed Alan L. Weisberg, Esq., *as attorney for the respective corporations* and as officer of the Court, to take and retain custody of the documents and records to which the subpoenas were directed. The attorney was further advised to retain these pending further Order by this Court. *See* Order, *In Re: Grand Jury Subpoena Duces Tecum Served Upon Ark Royal Industries and Rabanne Establishment,* GJ 85–8 SPELLMAN (March 31, 1986).

This Order will now proceed to outline the remaining steps toward the resolution of an increasingly common problem, one where the Grand Jury seeks to subpoena records from a corporate entity and the custodian of these records, claiming the Fifth Amendment privilege, seeks not to comply. The solution herein posited reflects this Court's respect for two occasionally competing concerns, the Fifth Amendment which protects "the private inner sanctum of individual feeling and thought," (*See Couch v. United States,* 409 U.S. 322, 327, 93 S.Ct. 611, 615, 34 L.Ed.2d 548 (1973)) and the legitimate governmental efforts to regulate artificial organizations (*See Bellis v. United States,* 417 U.S. 85, 90, 94 S.Ct. 2179, 2184, 40 L.Ed.2d 678 (1974)). This Court believes the approach herein posited leaves both interests intact.

## II

Carlos Acosta, Sr. and Reinaldo Diaz have filed Motions to Quash the Subpoenas issued to the corporations. In the other matter, the Government filed a Motion to Compel Eric Blum to produce the documents as required in the Subpoena Duces Tecum served upon him as Custodian of records for the corporations. This Order does not profess to address the question of whether individuals can assert the Fifth Amendment rights in the production of corporate records. Nor does this Court intend to re-open the broader and already tested issue of whether the Fifth Amendment protects incrimination arising from the act of production.

All three individuals in these cases, Mr. Acosta, Mr. Diaz, and Mr. Blum, present similar reasons to this Court to bolster their position that the fifth amendment prohibits the production of the documents set forth in the subpoenas. They each cite *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) for the

**1.** The Government contends that the Subpoena was directed to Mr. Blum in his corporate representative capacity. Mr. Blum, however, claims he was subpoenaed individually. On March 12, 1986, Mr. Blum was served by and through his attorney with a second subpoena. This was identical to the earlier subpoena, except that it was directed to Eric Blum, as custodian of records for the two named entities.

proposition that the act of producing the documents at issue is privileged.

In *Doe*, the Grand Jury was investigating corruption in the awarding of county and municipal contracts. It proceeded to serve Subpoenas on the owner of sole proprietorships demanding the production of certain business records. These business owners filed Motions to Quash the Subpoenas. The United States Supreme Court determined that since the preparation of the business records was voluntary and no compulsion was present, the contents of the documents may not be privileged. But, the Court opined, although the contents may not be privileged, the act of producing the documents may have an incriminating effect. *Id.* at 612, 104 S.Ct. at 1242. In explaining the testimonial aspects of the performance of the act itself, the Court reviewed its own language in *Fisher v. United States*, 425 U.S. 391, 410, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976):

> Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena. *Curcio v. United States*, 354 U.S. 118, 125 [77 S.Ct. 1145, 1150, 1 L.Ed.2d 1225] (1957). The elements of compulsion are clearly present, but the more difficult issues are whether the tacit averments of the tax-

payer are both 'testimonial' and 'incriminating' for purposes of applying the Fifth Amendment. These questions perhaps do not lend themselves to categorical answers; their resolution may instead depend on the facts and circumstances of particular cases or classes thereof.'

*United States v. Doe*, 465 U.S. 605, 613, 104 S.Ct. 1237, 1242, 79 L.Ed.2d 552 (1984). The Court then distinguished the matter before it from that in *Fisher* and declined to overturn the finding below that the act of producing the documents would involve testimonial self-incrimination.

In the matter *sub judice*, the individuals would have this Court extend *Doe's* holding that a sole proprietor's act of production of business records involves testimonial self-incrimination to corporate custodians.[2] The Government, on the other hand, argues that an application of *Doe* to corporate custodians would contravene authority beginning with *Hale v. Henkel*, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906).[3] This Court, however, declines the invitation to become involved in the disentanglement of a Constitutional issue which is not necessary to the resolution of the matters actually before this Court.

This Court, therefore, hereby HOLDS IN ABEYANCE the Motions to Quash filed by the individuals, Carlos Acosta, Sr. and Reinaldo Diaz, in *In Re: Grand Jury Subpoenas Duces Tecum Served Upon 22nd*

**2.** In *In Re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 58 (2nd Cir.1985), the corporate custodian on appeal also argued that nothing in the holding, language or rationale of *Doe* is limited to sole proprietorships. The Court of Appeals responded as follows:

> We find this argument unpersuasive. The very language of *Doe* limits its holding, for the first sentence of Justice Powell's opinion for the Court unmistakeably states that the issue to be decided concerns sole proprietorships rather than corporations or other collective enterprise forms: 'This case presents the issue whether, and to what extent, the Fifth Amendment privilege against compelled self incrimination applies to the business records *of a sole proprietorship.*' *Doe*, 104 S.Ct. at 1239 (emphasis added). Nowhere in *Doe* is it said, or even suggested, that the privilege applies when it is corporate records that are subpoenaed.

**3.** See *Bellis v. United States*, 417 U.S. 85, 88, 94 S.Ct. 2179, 2182, 40 L.Ed.2d 678 (1974):

> [A]n equally long line of cases has established that an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him. This doctrine was first announced in a series of cases dealing with corporate records.

Nowhere in *Doe* is there any statement to the effect that *Bellis* is overruled. In *In Re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 59 (2nd Cir.1985), the Court refused to read *Doe* as overruling *Bellis*, found the appellant's interpretation to that effect to be "implausible," and concluded that "the bright line of *Bellis* still holds."

*Avenue Drugs, Inc., Silver Star Export, Inc., and Sea Gull Marine Inc.,* Grand Jury, 85-2 SPELLMAN. Further, this Court hereby HOLDS IN ABEYANCE the Government's Motion to Compel Eric Blum individually to produce the documents in *In Re: Grand Jury Subpoena Duces Tecum Served Upon Ark Royal Industries and Rabanne Establishment,* Grand Jury, 85-8 SPELLMAN.

### III

■ Undoubtedly, Mr. Acosta, Mr. Diaz, and Mr. Blum are not the only ones before this Court. The aforenamed corporations are admittedly present. Pursuant to the two Orders of March 31, 1986, respective counsel have voluntarily appeared on behalf of these entities. A corporation is, by definition, a separate legal entity created by the state as a matter of privilege. It has a recognizable juridical existence apart from its members. *See Curcio v. United States,* 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957); *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

■ At some point in time a decision was made. The corporate form was selected in order to gain various attendant benefits. One such utility is the creation of a legal entity apart from its stockholders who are insulated from liability. It is not well advised to seek to avail oneself of a form only to disavow its very existence when it ceases to be serviceable.

■ Pursuant to this Court's Orders of March 31, 1986, the attorneys, as representatives of the corporations and as officers of the Court, were directed to take and retain custody of all the subpoenaed documents. The corporations now have the obligation to produce these records.[4] This Court hereby Orders the Corporations to secure representatives who will produce the subpoenaed documents within ten (10) days from the date of entry of this Order.[5]

---

**4.** This Court has found *In Re Two Grand Jury Subpoenas Duces Tecum,* 769 F.2d 52 (2nd Cir. 1985) to be of guidance. The Court therein confronted the situation where a corporation's custodian of records would incriminate himself if he were to act to produce the company's records. The court stated:

In such a situation the corporation must appoint some other employee to produce the records, and if no existing employee could produce records without incriminating himself by such an act, then the corporation may be required to produce the records by supplying an entirely new agent who has no previous connection with the corporation that might place him in a position where his testimonial act of production would be self incriminating.... There is simply no situation in which the Fifth Amendment would prevent a corporation from producing corporate records, for the corporation itself has no Fifth Amendment privilege.

*Id.* at 57, *citing United States v. Barth,* 745 F.2d 184, 189 (2nd Cir.1984). The Second Circuit has indeed presented a general solution to this problem. This Order, however, sets forth the mechanics of the approach and provides the actual steps a court may utilize in accomplishing such results.

**5.** This Court has reviewed, *United States v. Hankins,* 565 F.2d 1344, 1350 (5th Cir.1978) which Mr. Blum has cited in his memorandum of law. In *Hankins,* the trial court ordered Mr. Hankins himself, as President of the corporation, to produce as a witness before the special agent some employee of the firm who was familiar with the records and documents and who would not claim the Fifth Amendment privilege against self-incrimination. The Court reversed this portion of the Order. This Court, however, can not agree with Mr. Blum's contention that this Opinion conflicts with the approach and procedures suggested by this Court.

This Court is not ordering Mr. Blum, or Mr. Acosta, or Mr. Diaz, to do anything. In fact, the Motions with respect to the individuals are being held in abeyance. This Court's Order is directed solely to the corporations before the Court. Unlike the situation in *Hankins,* this Court does not seek to Order any individuals "to compel the attendance of a witness" or "to speak for the strictly personal right of any individual to claim the privileges of the Fifth Amendment." *Id.*

Likewise, this Court does not perceive any disharmony between this Order and the artfully constructed Opinion issued by the Honorable Sidney M. Aronovitz in *In Re Grand Jury (83-8-MIA) Subpoena Duces Tecum,* 611 F.Supp. 16 (S.D.Fla.1985). In the matter *sub judice,* this Court does not seek to compel the individuals before this Court to produce and authenticate the documents. Judge Aronovitz stated:

It should be emphasized, however, that under *White* [322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542] and *Bellis* the witnesses' legitimate claim of protection under the Fifth Amend-

■ Although this Court can not anticipate that the corporations before it will encounter obstacles to securing said representatives, this Court does have at its disposal alternate means of accomplishing the intended results. In lieu of the Corporations appointing the representatives, this Court may direct the Clerk of this Court to sequester said records for production. This Court may also direct the Secretary of State, the agent upon whom service may be served, to come forth with the subpoenaed documents.

Finally, and perhaps most patently, this Court may elect to exercise its power to punish for contempt. Undeniably, the imposition of a substantial fine on a Corporation has an impact and will ultimately inure to the detriment of the creditors of the company. Thus, the imposition of substantial sanctions in a fixed amount per day in the event of non-compliance with the Court's Order could have the desired effect of coercing the corporation into future compliance.[6]

### IV

In conclusion, this Court has reviewed Carlos Acosta, Sr.'s Motion to Quash the Subpoenas Duces Tecum issued to 22nd Avenue and Silver Star and Reinaldo Diaz' Motion to Quash the Subpoena Duces Tecum issued to Sea Gull, and alternatively, for a Protective Order. This Court has also reviewed the Government's Motion to Compel Eric Blum to produce the documents as required in the Subpoena Duces Tecum served upon him as custodian of records. It is hereby,

ORDERED AND ADJUDGED that said Motions as they pertain to the individuals are HELD IN ABEYANCE. This Order is

instead directed solely *to the Corporations* who are admittedly before this Court. This Court hereby Orders the aforenamed corporate entities to secure and appoint a representative who shall produce the subpoenaed documents within ten (10) days from the date of entry of this Order.

ment does not extend to the corporation. Artificial entities have no such privileges, and the government may use any testimony about the documents as well as the authentication implicit in the act of their production, in subsequent proceedings brought against the corporation.
*Id.* at 24–25. Such reasoning does not oppugn the approach this Court outlined in this Order.

6. *See United States v. Mine Workers,* 330 U.S. 258, 304–06, 67 S.Ct. 677, 701–02, 91 L.Ed. 884 (1947) (recognizing the coercive effect of such a conditional fine). *See also, Northside Reality Associates, Inc. v. U.S.,* 605 F.2d 1348, 1357 (5th Cir.1979).
   This court believes that any combination of the alternate approaches suggested in this Order could be of assistance to a court depending upon the particular facts and circumstances.