(UNDER SEAL), Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 86 CV 883.

United States District Court,
E.D. New York.

April 21, 1986.

Ronald Rubinstein, Kew Gardens, N.Y., for petitioner.

Reena Raggi, U.S. Atty., E.D.N.Y., Lawrence S. Robbins, Asst. U.S. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

A grand jury is investigating allegations of corruption and kickbacks in the allocation of certain state court guardianship and conservatorship appointments. A grand jury subpoena *duces tecum* directed to petitioner, an attorney, was served upon petitioner's secretary on or about March 10, 1986. No issue is made as to the mode of service.

The subpoena commands the attorney to produce "any and all retainer agreements, bills, invoices, payment records or other records of monies or property transferred to [him], and time sheets" for 1980–1986 relating to sixty-one (61) named individuals. The individuals are all attorneys who received guardianship appointments in the last few years. The government suspects that some of these individuals made kickbacks to the attorney-petitioner in exchange for this patronage.

Petitioner moves to quash the subpoena on the grounds that it is overbroad and not relevant to the grand jury's investigation, and that the compelled production of the documents violates his Fifth Amendment rights.

### Discussion

#### Overbreadth/Relevance

■ Initially, petitioner objects that the subpoena is overbroad and irrelevant to the grand jury's investigation. To be valid, a subpoena *duces tecum* must meet the following requirements:

(1) The documents requested must be relevant to the subject matter of a legitimate grand jury investigation;

(2) The subpoena must describe the materials to be produced with reasonable particularity; and

(3) The documents may not cover more than a reasonable period of time.

*In re Grand Jury Subpoena Duces Tecum Served Upon Rabbinical Seminary Netzach Israel Ramailis,* 450 F.Supp. 1078, 1084 (E.D.N.Y.1978).

Information presented to this Court in a closed proceeding on April 4, 1985 satisfies me that the subpoenaed documents are relevant to a legitimate grand jury investigation. Moreover, the Court finds that the items requested are specified with sufficient particularity that the person commanded to comply will know what he is being directed to produce. *In re Corrado Brothers, Inc.,* 367 F.Supp. 1126, 1132 (D.Del.1973). Finally, the time period specified in the subpoena is reasonable.

Accordingly, the motion to quash on the grounds of relevance and overbreadth is denied.

*Fifth Amendment—Documents*

Petitioner also contends that compelling him to produce his records will violate his Fifth Amendment privilege against self-incrimination. A threshold question is whether petitioner has a Fifth Amendment privilege to assert.

■ The Fifth Amendment privilege against self-incrimination may not be invoked by a corporation, nor may an individual who possesses corporate records resist production on the ground that the records incriminate the corporation. *United States v. White*, 322 U.S. 694, 699–700, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944). Similarly, a partner may not resist the production of partnership records. *See Bellis v. United States*, 417 U.S. 85, 87–88, 94 S.Ct. 2179, 2182–83, 40 L.Ed.2d 678 (1974). On the other hand, the privilege is available to a sole proprietor of a business who is asked to produce his business records. *Bellis, supra*, 417 U.S. at 87–88, 94 S.Ct. at 2182–83.

As the Supreme Court has stated:

The test ... is whether one can fairly say under all the circumstances that a particular type of organization has a character so impersonal in the scope of its membership and activities that it cannot be said to embody or represent the purely private or personal interests of its constituents, but rather to embody their common or group interests only. If so, the privilege cannot be invoked on behalf of the organization or its representatives in their official capacity.

*United States v. White, supra*, 322 U.S. at 701, 64 S.Ct. at 1252. Under this test, petitioner, a solo practitioner, clearly is entitled to invoke the privilege.

■ The government, relying on *In re Grand Jury Proceedings, (Vargas)*, 727 F.2d 941 (10th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984), argues that an attorney may *never* assert the privilege with respect to business records, because those records invariably are held in a representative capacity for the client. In *Vargas*, the Tenth Circuit refused to permit an attorney to invoke the privilege in resisting a subpoena to produce "client files"—whatever they are—which the client had directed the attorney to turn over to the grand jury. *Id.* at 945.

The subpoena in question here, however, commands the production, not of anything that could be called client files, but of records depicting petitioner's alleged dealings with sixty-one other attorneys. These are clearly his own personal files. Hence, *Vargas* is no bar to petitioner's assertion of the privilege.

■ The next question is whether the claim of privilege extends to the particular documents sought. As the Supreme Court has noted, if business records are voluntarily prepared and the subpoena to produce them does not compel the petitioner to "restate, repeat, or affirm the truth of their contents," then the Fifth Amendment privilege does not attach. *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 1241–42, 79 L.Ed.2d 552 (1984) (quoting *Fisher v. United States*, 425 U.S. 391, 409, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976)).

Nothing in the record suggests that petitioner prepared these documents (if they exist) involuntarily. Nor has petitioner contended that the subpoena would force him to restate, repeat or affirm the truth of their contents. Accordingly, *Doe* and *Fisher* direct a holding that the contents of the documents are not privileged. *See United States v. Doe, supra*, 104 S.Ct. at 1242.

■ Although the *contents* of the documents are not privileged, however, the *act* of producing them may be. *Doe, supra*, 104 S.Ct. at 1242; *Fisher, supra*, 425 U.S. at 410, 96 S.Ct. at 1580. The Second Circuit recently has described the "act of production" doctrine as follows:

The act of producing documents may constitute personal testimony conceding the document's existence, their possession or control, or the fact that the one producing them believes them to be the documents described in the subpoena. When this testimony would be self-incriminating, one has a personal fifth amendment privilege to refuse to comply with a subpoena requesting production.

*In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 57 (2d Cir.1985).

In two recent cases the Second Circuit has drawn a bright line between a situation where an individual is *personally* compelled to produce and authenticate records held on behalf of a corporation (or other collective entity), and one where the collective entity is compelled to produce the records. *See In re Grand Jury Subpoenas Issued to Thirteen Corporations,* 775 F.2d 43, 46 (2d Cir.1985); *Two Grand Jury, supra,* 769 F.2d at 57. In the latter instance, the corporation is obliged to appoint some employee to produce the records, and if no employee can do so without incriminating himself, the corporation may be required to produce the records by supplying an entirely new agent who has no previous connection with the organization. *See, e.g., Two Grand Jury,* 769 F.2d at 57.

Relying upon this distinction, the government has agreed to accept production of the documents from any custodian. Hence, the government contends that petitioner may not resist compliance with the subpoena on act of production grounds. The difficulty with the government's argument, however, is that it ignores the fact that a sole proprietorship, "though a business, is not a collective entity." *In re Grand Jury Proceedings,* 771 F.2d 143, 147 (6th Cir. 1985).

Requiring a corporation or other collective entity to produce an agent for production purposes is entirely rational, since the entity has no Fifth Amendment privilege, and since the entity can only act to produce its records through its officers or agents. *Two Grand Jury,* 769 F.2d at 56. This Court has been presented with no authority, however, which would suggest that a sole practitioner, who admittedly has a Fifth Amendment privilege, may be compelled to procure an agent to produce that which he is not required to produce himself. *Cf. United States v. Sancetta,* 788 F.2d 67, 74 (2d Cir.1986). This Court can discern no reason why the protection afforded by *Doe* should not be extended to an attorney operating as a solo practitioner.

Accordingly, the Court finds that petitioner is entitled to assert the privilege, subject, of course, to the government's right to defeat the privilege if it can demonstrate with reasonable particularity that it already knows of the existence and location of the subpoenaed documents, and that it can authenticate the documents without relying on any act of the petitioner. *See United States v. Fox,* 721 F.2d 32, 36–39 (2d Cir.1983).

Because there is not a sufficient basis in the present record for the Court to make these findings, the government is directed to furnish this Court with the necessary affidavits, if any, by April 30, 1986. Petitioner's responsive affidavit, if any, should be submitted within seven days thereafter.

The motion to quash the subpoena on the grounds of overbreadth and relevance is denied. In all other respects, the motion is stayed pending further submissions.

SO ORDERED.